PER CURIAM.
Plaintiff American Stores appeals from a judgment of the Tax Court establishing tax assessments for the years 1988, 1989 and 1990 of its property located at Central Avenue and Second Street in Kearny. The property involved is an Acme distribution facility consisting of 585,000 square feet of warehouse space.
Plaintiff argues that the Tax Court erred in refusing to reduce the assessments to reflect a 5% “environmental reserve.” This reserve would be used for the expense of monitoring any possible environmental contamination of the property.
In Jablin v. Borough of Northvale, 13 N.J.Tax 103, 109 (App. Div.1991), we upheld the Tax Court’s refusal to recognize such a reserve in the absence of “proof that the property is polluted” and that “ECRA compliance [is] a realistic concern.” Although plaintiffs appraisal expert asserted in his report that there was ongoing DEPE activity in the area relating to the remediation of soil contamination caused by leakage from underground fuel storage tanks, plaintiff failed to present the testimony of an environmental expert to support this assertion. Therefore, the Tax Court correctly concluded that “there was no proof of any environmental damage” and that an “environmental reserve” reduction was not appropriate under Jablin.
Plaintiff also argues that the Tax Court failed to consider evidence that its property had been listed for sale at a price less than its assessed valuation and that an agreement was subsequently reached to sell the property for approximately one-half of this listing price. However, the court in fact allowed plaintiff to present evidence of the price at which the property was listed in 1990 ($14,900,000), even though that listing occurred subsequent to the last of the assessment dates in question (October 1, 1989). Moreover, the value which the court placed on the property ($15,150,000) was only slightly in excess of that listing price.
The court properly excluded plaintiffs proffer of evidence concerning a later agreement to sell the property for $7,500,000 because this evidence was not disclosed prior to trial. In any *175 event, plaintiff indicated that it had only received an oral offer to purchase this property, which had not been reduced to a binding written contract. Such an offer is not a reliable indication of property value. See New Jersey Turnpike Auth. v. Bowley, 27 N.J. 549, 556, 143 A.2d 558 (1958), cert. denied, 358 U.S. 927, 79 S.Ct. 312, 3 L.Ed.2d 301 (1959). Moreover, this offer apparently was made shortly before the trial in June 1992, some two-and-a-half years after the last assessment date in question.
Affirmed.